**Appeal No. 15-1506**

**UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT**

| | |
|---|---|
| SMALL JUSTICE LLC, RICHARD A. GOREN, and CHRISTIAN DUPONT dba ARABIANIGHTS-BOSTON MASSACHUSETTS, Plaintiffs-Appellants, <br><br> v. <br><br> XCENTRIC VENTURES LLC, Defendant-Appellee. | Appeal from the United States District Court for the District of Massachusetts <br><br> District Court Case No. 1:13-cv-11701-DJC <br><br> The Honorable Denise Casper Judge Presiding |

**MOTION OF XCENTRIC VENTURES LLC TO LIMIT SCOPE OF APPEAL, AND FOR PARTIAL DISMISSAL FOR LACK OF JURISDICTION**

Defendant-Appellee Xcentric Ventures LLC respectfully requests that the Court limit the scope of this appeal and dismiss, in part, for lack of jurisdiction.

Appellants' April 24, 2015 notice of appeal (Add. 34;[1] "Notice") designates only a March 27, 2015 Memorandum and Order (Add. 19; "2015 Order") and a simultaneous judgment (Add. 1; "Judgment") that was entered for Xcentric while its counterclaim was still pending. The Notice does not designate an earlier March 2, 2014 Memorandum and Order (Add. 2.; "2014 Order") or the later September 30, 2015 Memorandum and Order (Add. 38; "Final Order") that resolved all claims. Therefore, Xcentric respectfully moves the Court to find that the 2014 Order and Final Order, and all issues decided therein, are outside the scope of the appeal, and dismiss the appeal for lack of jurisdiction to the extent that it seeks to resurrect and argue such issues.

---

[1] Citations to "Br." (brief), "Add." (addendum), and "App." (appendix) are to filings in this appeal. Citations to "Doc." are to docket entries in the district court not reproduced elsewhere in the appellate record.

1

## Relevant Procedural History

The Notice designates only the Judgment and 2015 Order. It states in full:

> Notice is hereby given that SMALL JUSTICE LLC, RICHARD A. GOREN and CHRISTIAN DUPONT, being all the plaintiffs in the above named case, hereby appeal to the United States Court of Appeals for the First Circuit from the judgment for defendant Xcentric Ventures LLC (Paper 104) entered on March 27, 2015 in accordance with the Memorandum and Order dated March 27, 2015 granting defendant's motion for Summary Judgment.

Add. 34 (designating Add. 1 (Judgment) and 19 (2015 Order)).

The operative Notice did not designate the 2014 Order, which dismissed most of Appellants' claims on the grounds of Xcentric's immunity under the Communications Decency Act, 47 U.S.C. § 230. Add 2. The 2015 Order designated in the Notice granted Xcentric summary judgment on all of Appellants' claims remaining after the 2014 Order. Appellants filed their Notice while Xcentric's counterclaim against Plaintiff-Appellant Christian DuPont was still pending. App. 309-311; Doc. 52-1. The parties did not seek or obtain a Rule 54(b) certification.

The Clerk's Certificate and Appeals Cover Sheet, transmitted when the appeal was opened, states that the appeal is from the 2015 Order and the Judgment. The 2014 Order is not part of the abbreviated record. Appellants' Docketing Statement declares that the appeal is from a final order or judgment, and identifies only one "date of entry of judgment appealed from": March 27, 2015.

After filing the Notice, Appellants filed a motion for leave to extend time to file the notice of appeal so they could amend the Notice to also designate the 2014 Order. Doc. 113. Appellants then filed a motion for an indicative ruling under Rule 62.1 that the district court would allow a motion to vacate the judgment, in part because "the Court's

2

judgment ... did not dispose of Xcentric's counterclaim against DuPont[.]" Doc. 118 p. 1. Xcentric then moved to dismiss its counterclaim. Doc. 121.

The September 30, 2015 Final Order denied Appellants' Rule 62.1 motion, Add. 41-42; denied Appellants' motion to extend time to file a notice of appeal, Add. 42-43; dismissed Xcentric's counterclaim, finally disposing of all parties' claims, Add. 44-45; and amended the 2015 Order, which became final as amended, by appending a footnote, Add. 36-37, 40, 48. *See* Br. 18, 19.

Appellants filed their brief on November 9, 2015 and again, in revised form, on November 16, 2015. Though the Notice did not designate the 2014 Order, and though the district court denied Appellants' motion to amend the Notice so as to also designate the 2014 Order, their appellate brief reargues the issue of Xcentric's Communications Decency Act immunity, the basis for the 2014 Order's dismissals. *See* Br. 14-15, 19-20, 21-32, 48-52; Add. 10-16.

Appellants contend that the Court's jurisdiction under 28 U.S.C. § 1291 extends to both the undesignated 2014 Order and the 2015 Order. Br. 2. Xcentric argued in the district court, after Appellants had filed their appellate brief, that Appellants' contention

> is wholly frivolous because it is outside the scope of the appeal. Plaintiffs did not notice an appeal from the 2014 Order dismissing the bulk of their claims on CDA immunity grounds. Doc. 45, 108; *see* Doc. 114 pp. 4-8. The Court denied their belated motion to amend their notice of appeal to include the CDA-barred claims. Doc. 113, 134 pp. 5-6. To claim that an appeal is not frivolous because plaintiffs intend to argue claims outside the scope of the appeal is itself frivolous, and an act of alarming bad faith.

Doc. 144-1 pp. 13-14; Doc. 150 pp. 13-14. Appellants' sur-replies in the district court did not adress the issue. Doc. 145-1, 149, 155-1, 157.

**Argument**

The Court's jurisdiction in this appeal extends only to issues decided in the 2015 Order designated in the Notice. The Judgment, though also designated in the Notice, is outside the scope of this appeal because it was not final and so had no effect. The 2014 Order and the Final Order are outside the scope of this appeal because Appellants did not designate or otherwise include them in the Notice.

**I.     The Court must determine the scope of its jurisdiction.**

"Put simply, we have jurisdiction to determine the existence and extent of our own subject-matter jurisdiction." *Subsalve USA Corp. v. Watson Mfg., Inc.*, 462 F.3d 41, 44 (1st Cir. 2006). "Ordinarily, a court must consider questions of subject matter jurisdiction even if not covered by the notice of appeal." *Nieves-Marquez v. Puerto Rico*, 353 F.3d 108, 122 n. 12 (1st Cir. 2003).

"[F]ederal courts have an omnipresent duty to take notice of jurisdictional defects, on their own initiative if necessary." *Whitfield v. Municipality of Fajardo*, 564 F.3d 40, 44 (1st Cir. 2009). The Court "must determine *sua sponte* the scope of [its] jurisdiction in the instant appeal." *Jones v. Comm'r of Soc. Sec. Admin.*, 611 Fed. App'x 541, 543 (11th Cir. 2015) (per curiam); *accord Spiegel v. Trustees of Tufts College*, 843 F.2d 38, 43 (1st Cir. 1988). "Our role requires, first, that we determine for ourselves whether the judgment has the requisite aspects of finality." *Spiegel*, 83 F.2d at 43.

"The notice of appeal must ... designate the judgment, order, or part thereof being appealed." Fed. R. App. P. 3(c)(1)(B). "It is common ground that our review of a district court's order is circumscribed by the filed notice of appeal." *United States v. Ortiz*, 741

4

F.3d 288, 292 (1st Cir. 2014); *see also Dawoud v. Holder*, 561 F.3d 31, 36 (1st Cir. 2009); *Whitfield*, 564 F.3d at 45.

Xcentric requires clarification so that it can properly tailor its response brief to the issues on appeal. *See Gage v. Astrue*, 403 Fed. App'x 107, 108 (7th Cir. 2010) ("notice of appeal … prompted our court to issue an order clarifying that his appeal was timely only as to" specified order); *Jimenez v. Madison Area Tech. Coll.*, 321 F.3d 652, 656 n.3 (7th Cir. 2003) (discussing order limiting scope of appeal).

## II. The 2015 Order is within the scope of this appeal because it is designated in the Notice.

The Notice designated the 2015 Order, Add. 19, as within the scope of appeal. Add. 34. When the Notice was filed, the 2015 Order was not final because Xcentric's counterclaim was unresolved. The Notice was then premature when filed on April 24, 2015 because the March 27, 2015 Judgment was not final. *Diaz-Reyes v. Fuentes-Ortiz*, 471 F.3 299, 301 (1st Cir. 2006) ("clerk's entry of judgment pursuant to Fed. R. Civ. P. 58 [before all claims were dismissed] … is without effect"); *see also Clausen v. SEA-3*, 21 F.3d 1181, 1184 (1st Cir. 1984); Doc. 117 p. 1 (Appellants arguing in district court that the 2015 Order had not disposed of counterclaim, which they called "ripe for judgment").

The 2015 Order became final on September 30, 2015 when the Final Order dismissing the counterclaim without prejudice "left no aspect of the litigation pending and was therefore immediately appealable." *Mirpuri v. ACT Mfg.*, 212 F.3d 624, 629 (1st Cir. 2000). Accordingly, the previously filed Notice then became effective as to the 2015 Order. *Boston Car Co. v. Acura Auto Div., Am. Honda Motor Co.*, 971 F.2d 811, 814-15 (1st Cir. 1992). Under 28 U.S.C. § 1291, this Court has jurisdiction over the 2015 Order. *Acevedo-Villalobos v. Hernandez*, 22 F.2d 384, 384-85 (1st Cir. 1994).

The pendency of Xcentric's renewed motion for attorney's fees (Doc. 137) and its motion for an appeal bond (Doc. 138) did not limit the finality of the 2015 Order for purposes of appeal. *See Budinich v. Becton Dickinson & Co.*, 486 U.S. 196 (1988). The district court granted those motions on December 31, 2015. Doc. 158, 159.

### III.    The Judgment had no effect so it is outside the scope of this appeal.

The Notice purported to designate the Judgment, Add. 1, as within the scope of appeal. Add. 34. However, Xcentric's counterclaim was unresolved so the Judgment entered on March 27, 2015 was not yet final or effective. Fed. R. Civ. P. 54(b), *Burney v. Pawtucket*, 728 F.2d 547, 549 (1st Cir. 1984) (per curiam). Though Appellants' notice of appeal designated the Judgment, it was premature and a nullity. *Willhauck v. Halpin*, 919 F.2d 788, 792 (1st Cir. 1990). "The principal font of federal appellate jurisdiction is 28 U.S.C. § 1291, which permits appeals only from final orders." *Whitfield*, 564 F.3d at 45 (*citing Alstom Caribe, Inc. v. Geo. P. Reintjes Co.*, 484 F.3d 106, 111 (1st Cir. 2007)). No appeal may be taken under 28 U.S.C. § 1291 from a non-final judgment without a Rule 54(b) certification. *See Willhauck*, 919 F.2d at 793-94. There was no Rule 54(b) certification, so the Judgment was not final and did not make any issues appealable.

The Final Order resolving all claims was docketed on September 30, 2015. An appeal taken from that final judgment would have reached such interlocutory orders as the 2014 Order. *John's Insulation, Inc. v. L. Addison & Assocs., Inc.*, 156 F.3d 101, 105 (1st Cir. 1998) ("a notice of appeal that designates the final judgment encompasses not only that judgment, but also all earlier interlocutory orders that merge in the judgment"). But Appellants concede that they never filed a notice of appeal from the Final Order: "No party filed a notice of appeal of any of the district court's September

30th Orders." Appellants' Response to Appellee's Motion for Stay of Appeal ("Resp. to Mot. for Stay") p. 6 (1st Cir. filed Dec. 30, 2015); *see also* Doc. 142 p. 4 (same).

Their appeal from the ineffective Judgment does not operate to sweep in any other orders. An amended judgment does not make effective a prior judgment that was ineffective because it did not dispose of all claims. *Burney v. Pawtucket*, 728 F.2d 547, 549 (1st Cir. 1984); *see also Talamini v. Allstate Ins. Co.*, 470 U.S. 1067, 1069 (1985) (describing the "jurisdictional defect" of a premature appeal as one "competent counsel should readily recognize"); *id.* n. 5 (citing *Burney* with approval).

The entry of judgment does not expand the scope of the appeal to encompass interlocutory orders undesignated in the Notice. A notice of appeal from a nonfinal decision may relate forward, to serve as effective notice from a later final judgment once entered. *FirsTier Mortgage Co. v. Investors Mortgage Ins. Co.*, 498 U.S. 269, 276 (1991). "True, where the district court has made interlocutory decisions before entering a final judgment, an appeal from the final judgment brings up the interlocutory decisions for review by this court." *Brandt v. Wand Partners*, 242 F.3d 6, 14 (1st Cir. 2001) (*citing John's Insulation*, 156 F.3d at 105). The later entry of judgment, however, does not automatically relate backward to sweep in prior orders not identified in the notice. *See Christian v. All Properties known as Newfound Bay*, 305 Fed. App'x 842, 844 (3d Cir. 2009). Because the Notice did not designate the final judgment, its entry did not bring up any orders not referenced in the Notice itself.

## IV. The notice of appeal does not include the Final Order so it is outside the scope of this appeal.

Because Appellants never filed a notice of appeal effectively designating the Final Order, it is outside the scope of the appeal. As they concede, "[n]o party filed a notice of appeal of any of the district court's September 30th Orders." Resp. to Mot. for Stay p. 6.

> Typically, these rules [Fed. R. App. P. 3(c)(1)(B) and 4(b)] prevent a court of appeals from considering any orders or judgments besides those designated in the appellant's notice of appeal. In the case of an amended judgment or a later order that is substantively different, an appellant may have to amend his notice of appeal or file a new one.

*United States v. Cheal*, 389 F.3d 35, 52 (1st Cir. 2004). Appellate jurisdiction is limited to the orders specifically designated in the notice of appeal when no new or amended notice of appeal is filed designating additional orders entered after the notice of appeal. *Rio Grande Cmty. Health Ctr., Inc. v. Rullan*, 397 F.3d 56, 67-68 (1st Cir. 2005); *United States v. Ortiz*, 741 F.3d 288, 292 (1st Cir. 2014).

In particular, the Final Order denied Appellants' motion to extend time to file a notice of appeal, by which they sought to amend the notice to include the 2014 Order. Add. 42-43. More than three months have elapsed since the September 30, 2015 Final Order denied that motion and rendered the 2014 Order final and appealable. In that time Appellants have not filed a new or amended notice of appeal designating the Final Order or the 2014 Order. They have thereby waived any issue of the Final Order's conclusive finality. *Fiore v. Wash. County Cmty. Mental Health Ctr.*, 960 F.2d 229, 236 (1st Cir. 1992) (en banc) ("We believe it appropriate, absent exceptional circumstances, to infer waiver where a party fails to act within three months of the court's last order in the case."); *see also Bankers Trust Co. v. Mallis*, 434 U.S. 381, 385 (1978) (per curiam)

(discussing waivability of separate document requirement). Appellants' failure to appeal from the Final Order excludes it from the scope of their appeal.

### V.     The notice of appeal does not include the 2014 Order so it is outside the scope of this appeal.

Notices of appeal are liberally construed to apply to orders from which the appellants' intention to appeal is clearly manifest in the notice or on the whole. Because the Notice does not refer to the 2014 Order explicitly or include it implicitly, it is outside the scope of the appeal.

#### 1.     The Notice does not explicitly refer to the 2014 Order.

"The notice of appeal must ... designate the judgment, order, or part thereof being appealed." Fed. R. App. P. 3(c)(1)(B). "It is black-letter law that a notice of appeal must specify the order or judgment to which the appeal is addressed." *Lehman v. Revolution Portfolio LLC*, 166 F.3d 389, 395 (1st Cir. 1999) (citing Fed. R. App. P. 3(c)). "Failure to make a sufficient specification ordinarily debars the appellant from arguing the propriety of an unspecified ruling on appeal." *Id.* (citing *Smith v. Barry*, 502 U.S. 244, 248 (1992); *United States v. Velez Carrero*, 140 F.3d 327, 330 (1st Cir. 1998); and *Kotler v. American Tobacco Co.*, 981 F.2d 7, 10-11 (1st Cir. 1992)).

Though a notice of appeal is construed "liberally," noncompliance with Rule 3 is "fatal to an appeal." *Smith v. Barry*, 502 U.S. at 248. "Rule 3's designation requirement is mandatory, jurisdictional, and not susceptible to waiver." *United States v. Ortiz*, 741 F.3d 288, 292 (1st Cir. 2014) (*citing Constructora Andrade Gutierrez, S.A. v. Am. Int'l Ins. Co.*, 467 F.3d 38, 43 (1st Cir. 2006)).

Because the Notice designates specific orders, the appeal should be limited to those orders. "[T]he general rule is that '[i]f an appellant ... chooses to designate specific

9

determinations in his notice of appeal—rather than simply appealing from the entire judgment—only the specified issues may be raised on appeal.'" *Constructora Andrade Gutierrez*, 467 F.3d at 43 (*quoting with approval United States v. Univ. Mgmt. Servs., Inc.*, 191 F.3d 750, 756 (6th Cir. 1999) (internal quotations omitted)). "The failure to include a particular issue in a notice of appeal can be fatal to this court's jurisdiction over that issue." *Id.* (collecting cases).

"Omitting [one] order while, at the same time, designating a completely separate and independent order loudly proclaims plaintiff's intention not to appeal from the former order. … As an ancient maxim teaches, 'expressio unius est exclusio alterius.'" *Kotler*, 981 F.2d at 11 (citations omitted); *accord Biltcliffe v. CitiMortgage, Inc.*, 772 F.3d 925, 929-30 (1st Cir. 2014). Specifically, the Court lacks appellate jurisdiction to consider issues disposed under Rule 12(b)(6) when the notice of appeal designates only a later summary judgment order. *Brooks v. AIG SunAmerica Life Assur. Co.*, 480 F.3d 579, 585 (1st Cir. 2007); *see also Kleehammer v. Monroe County*, 583 Fed. App'x 18, 19-20 (2d Cir. 2014); *Constructora Andrade Gutierrez*, 467 F.3d at 44-45 (*citing C&S Acquisitions Corp. v. Nw. Aircraft, Inc.*, 153 F.3d 622, 625 (8th Cir. 1998)). Appellants' notice of appeal and docketing statement both "explicitly limited the scope of their appeal," so they cannot "revive an issue that has not been in this case ever since" they failed to appeal from its determination. *Rogers v. Okin*, 738 F.2d 1, 5 n.6 (1st Cir. 1984).

## 2.    The Notice does not implicitly include the 2014 Order.

No intention to appeal from the 2014 Order was apparent on the record outside the Notice when filed, so it should not be construed to implicitly include the 2014 Order.

An order not mentioned in a notice of appeal may yet be found to lie within the appeal when the record as a whole reveals the appellant's intention to seek review of the order. *See Foman v. Davis*, 371 U.S. 178, 181-82 (1962); *Becker v. Montgomery*, 532 U.S. 757, 767-68 (2001) ("imperfections in noticing an appeal should not be fatal where no genuine doubt exists about who is appealing, from what judgment, to which appellate court"). "Where a notice of appeal does not mention certain interlocutory orders or defendants, the touchstone is whether the appellant has indicated an intent to seek review of those orders through his notice of appeal and accompanying documents." *Diaz Aviation Corp. v. Airport Aviation Servs.*, 716 F.3d 256, 263 (1st Cir. 2013) (*citing United States v. Dowell*, 2257 F.3d 694, 698 (7th Cir. 2001)). "Under the case law, this boils down to a question of whether, notwithstanding the opaque language of the notice, the appellant's intent to appeal the underlying judgment was clear." *Young v. Gordon*, 330 F.3d 76, 80 (1st Cir. 2003) (*citing Smith*, 502 U.S. at 248 *and Mariani-Giron v. Acevedo-Ruiz*, 945 F.2d 1, 3 (1st Cir. 1991)).

Until Appellants moved to amend the Notice, the record gave no indication that they intended to appeal from the 2014 Order. Instead, the record shows how they narrowed the scope of their claims to stay consistent with the Court's holdings on CDA immunity, implicitly accepting the 2014 Order as settled.

In the First Amended Complaint and in arguments at the Rule 12(b)(6) stage, Appellants had alleged that Xcentric could be held liable under Chapter 93A simply for publishing DuPont's posts. *See* App. 83 ¶ 85 & Doc. 21 pp. 3-4. After the 2014 Order found Xcentric immune from such claims under the Communications Decency Act ("CDA"), Add. 16-17, Appellants' Chapter 93A arguments expressly excluded that

allegation. *See* Doc. 64 p. 26 ("[T]he 93A claim is not based on the information provided by the Author to Xcentric. [Appellant Richard A.] Goren's 93A claim arises out of Xcentric's solicitations and advertisements for its CAP program. The Author's 'third party content" is immaterial."). At oral argument on Xcentric's motion for summary judgment, recognizing that the district court had ruled that Xcentric's refusal to remove third-party content from its website was "within the discretion of an ISP under the CDA," Add. 16, Appellants conceded that "the CDA protects the website from being treated as a speaker of that." App. 625:20-24. Appellant Goren, as Appellants' counsel, expressly sought to distinguish the remaining Chapter 93A issues to avoid the automatic bar of the CDA. *See id.* at 11-12 ("The unfair practices claim, your Honor, it's not an end run around the CDA."); & App. 625:25-626:5 ("The CDA is not implicated in the question of whether there's a binding contract between the website and the user and whether that is enforceable. And the plaintiffs don't seek to invalidate Xcentric's editorial policy."). On this record, Appellants' narrowed approach to Chapter 93A gave no reason to believe that they would seek to appeal the CDA issues.

Appellants effectively conceded that the Notice did not indicate an intent to seek review of the omitted 2014 Order when they moved the district court for leave to expand the scope of their Notice to include it. Doc. 113. Accordingly, the appeal should be restricted to matters addressed by the 2015 Order. The motion to expand the appeal does not suffice. *See Koepke v. Becton, Dickinson & Co.*, No. 94-16153, 1996 U.S. App. LEXIS 1789, at *8 (9th Cir. Jan. 19, 1996). The district court rightly denied the motion, Add. 42-43, and Appellants did not appeal from the order denying the motion. Their Notice should not be construed to encompass the undesignated 2014 Order.

## Conclusion

Xcentric believes that it would prevail on the merits of any issues raised in the 2014 Order. But it has already done so, and should not be compelled to relitigate issues that Appellants waived by failing to raise them in their notice of appeal.

WHEREFORE appellee Xcentric Ventures LLC requests that the Court clarify the scope of this appeal by limiting it to issues decided in the 2015 Order designated in the notice of appeal, and dismiss the appeal for lack of jurisdiction to the extent that Appellants argue issues beyond that scope. Appellee further requests an extension of time to file its brief until thirty days after the Courts resolves this motion.

Dated:  January 5, 2016                           Respectfully submitted,

/s/ Dan Booth
Dan Booth
Booth Sweet LLP
32R Essex Street
Cambridge, MA 02130
(617) 250-8602

Maria Crimi Speth
Jaburg & Wilk, P.C.
3200 North Central Avenue, #2000
Phoenix, AZ 85012
(602) 248-1089

Attorneys for Appellee Xcentric Ventures LLC

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the Court's ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on January 5, 2016.

/s/ Dan Booth
Dan Booth